# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

COGNIZANT TECHNOLOGY
SOLUTIONS CORPORATION and
COGNIZANT TECHNOLOGY
SOLUTIONS U.S. CORPORATION,

     Movants,

     v.

UNITED STATES INTERNAL REVENUE
SERVICE and UNITED STATES
DEPARTMENT OF LABOR,

     Respondents.

Misc. Case No. _____

Original Proceeding:

*United States ex rel. Jean-Claude Franchitti v. Cognizant Technology Solutions Corporation and Cognizant Technology Solutions U.S. Corporation*, No. 3:17-cv-06317 (D.N.J. filed Aug. 22, 2017)

**MEMORANDUM OF LAW IN SUPPORT OF COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION AND COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION'S MOTION TO COMPEL DISCOVERY FROM THE UNITED STATES INTERNAL REVENUE SERVICE AND DEPARTMENT OF LABOR**

# TABLE OF CONTENTS

I.     BACKGROUND ....................................................................................................... 5

    A.    Procedural History and Factual Background of Underlying Action...................... 5

    B.    Cognizant's *Touhy* Requests to the IRS................................................................ 6

    C.    Cognizant's *Touhy* Requests to the DOL............................................................. 8

II.    LEGAL STANDARD............................................................................................ 10

III.    ARGUMENT ........................................................................................................ 12

    A.    IRS and DOL Have Discovery Obligations Even Though They Are Not
Technically Parties to the Litigation. .................................................................. 12

    B.    Cognizant's *Touhy* Requests Seek Indisputably Relevant Documents and
Information from IRS and DOL. ......................................................................... 13

    C.    The Agencies' Remaining Objections Are Contrary to the Prevailing Law
and Do Not Justify Withholding of Information.................................................. 17

        2.    DOL's Additional Arguments for Denying Cognizant's Requests
Are Meritless.......................................................................................... 21

IV.    CONCLUSION.................................................................................................... 24

# TABLE OF AUTHORITIES[1]

**Page(s)**

CASES

*In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-MD-2885,
2020 WL 6065076 (N.D. Fla. Oct. 14, 2020) .........................................................................22

*Baranski v. United States*, No. 4:11-CV-123 CAS,
2014 WL 7335151 (E.D. Mo. Dec. 19, 2014) .......................................................................20

*Batton v. Evers*,
598 F.3d 169 (5th Cir. 2010) ...............................................................................................21

*\*Branch Ministries, Inc. v. Richardson*,
970 F. Supp. 11 (D.D.C. 1997) ............................................................................................20

*Breiterman v. United States Capitol Police*,
324 F.R.D. 24 (D.D.C. 2018) ...............................................................................................10

*\*Carbone v. Martin*, CV 18-3509,
2021 WL 1224102 (E.D.N.Y. Mar. 31, 2021) ................................................................13, 18

*\*Church of Scientology of Ca. v. I.R.S.*,
484 U.S. 9 (1987) ..................................................................................................................19

*\*Church of Scientology of Tex. v. I.R.S.*,
816 F. Supp. 1138 (W.D. Tex. 1993) ....................................................................................19

*D'Angio v. United States*, No. 3:07-cv-474,
2007 WL 9757555 (M.D. Pa. Aug. 22, 2007) ......................................................................18

*\*United States ex rel. Eisenstein v. City of New York*,
556 U.S. 928 (2009) .....................................................................................................2, 12, 18

*\*Fairholme Funds, Inc. v. Fed. Hous. Fin. Agency*, No. 1:13-CV-1053,
2019 WL 5864595 (D.D.C. Nov. 8, 2019) ............................................................................22

*Fed. Trade Comm'n v. Sysco Corp.*,
308 F.R.D. 19 (D.D.C. 2015) ..........................................................................................10, 11

*Greene v. IRS*, No. 08-cv-0280,
2008 WL 5378120 (N.D.N.Y. Dec. 23, 2008), *aff'd*, 348 F. App'x 625 (2d Cir. 2009).........16

---

[1] Pursuant to D.D.C. Local Rule 7(a), the "cases or authorities on which counsel chiefly relies" are denoted with asterisks.

*United States ex rel. Jean-Claude Franchitti v. Cognizant Technology Solutions Corporation and Cognizant Technology Solutions U.S. Corporation*,
No. 3:17-cv-06317 (D.N.J. filed Aug. 22, 2017) ..................................................1

*United States ex rel. Lewis v. Walker*, No. 3:06-CV-16,
2009 WL 2611522 (M.D. Ga. Aug. 21, 2009) .....................................................12

*Mickendrow v. Watner*, No. CV 20-007 (JMV),
2021 WL 2821176 (D.N.J. July 7, 2021) .............................................................11

*Morrison v. Phila. Hous. Auth.*,
203 F.R.D. 195 (E.D. Pa. 2001) ...........................................................................11

*Pearson v. Miller*,
211 F.3d 57 (3d Cir. 2000) ...................................................................................10

*\*Philpott v. City of Mason City, Iowa*, No. C 09-3062,
2010 WL 11450401 (N.D. Iowa Sept. 15, 2010) ................................................18

*\*United States ex rel. Polansky v. Exec. Health Res.*,
No. 2:12-cv-04239-MMB (E.D. Pa. Oct. 23, 2018) ...........................................16

*Schindler Elevator Corp. v. United States ex rel. Kirk*,
563 U.S. 401 (2011) ..............................................................................................14

*Schmulovich v. 1161 Rt. 9 LLC*, No. 07-597,
2007 WL 2362598 (D.N.J. Aug. 15, 2007) ..........................................................10

*Tax Analysts v. I.R.S.*,
117 F.3d 607 (D.C. Cir. 1997) ..............................................................................21

*Tele-Radio Sys. Ltd. v. De Forest Elecs., Inc.*,
92 F.R.D. 371 (D.N.J. 1981) .................................................................................10

*United States ex rel. Thrower v. Acad. Mortg. Corp.*,
968 F.3d 996 (9th Cir. 2020) ................................................................................12

*United States ex rel. Touhy v. Ragen*,
340 U.S. 462 (1951) ..............................................................................................13

*United States v. Alcan Elec. & Eng'g, Inc.*,
197 F.3d 1014 (9th Cir. 1999) ..............................................................................14

*United States v. Kellogg Brown & Root Servs., Inc.*,
284 F.R.D. 22 (D.D.C. 2012) ...............................................................................11

Case 2:22-mc-00040-KBW-...-Document 1-1    Filed 04/28/23    Page 4 of 30

**Page(s)**

*United States v. O'Neill*,
    619 F.2d 222 (3d Cir. 1980)......................................................................23

*\*United States v. Paramedics Plus LLC*, No. 4:14-CV-00203,
    2018 WL 620776 (E.D. Tex. Jan. 30, 2018).........................................16, 23

*\*Universal Health Servs., Inc. v. United States ex rel. Escobar*,
    579 U.S. 176 (2016)................................................................................15

*\*Watts v. Sec. & Exch. Comm'n*,
    482 F.3d 501 (D.C. Cir. 2007)................................................................11

*\*Williams v. C. Martin Co. Inc.*, No. 07–6592,
    2014 WL 3095161 (E.D. La. July 7, 2014) ..............................................12

*United States ex rel. Winkelman v. CVS Caremark Corp.*,
    827 F.3d 201 (1st Cir. 2016)...................................................................14

**STATUTES**

26 U.S.C. § 6103(b)(2) ...........................................................................19

31 U.S.C. § 3729 ...................................................................................12

31 U.S.C. § 3729(a)(1)(G)....................................................................4, 15

31 U.S.C. § 3729(d) ...............................................................................16

31 U.S.C. § 3730 ...................................................................................12

31 U.S.C. § 3730(c)(2)(A) ........................................................................2

31 U.S.C. § 3730(d) ...............................................................................12

31 U.S.C. § 3730(e)(4)(A) .......................................................................14

31 U.S.C. § 3731....................................................................................12

31 U.S.C. § 3732....................................................................................12

31 U.S.C. § 3733....................................................................................12

**RULES**

Fed. R. Civ. P. 26(b)(1)............................................................................10

Case 1:23-mc-00046-RDM   Document 1-1   Filed 04/28/23   Page 5 of 30

iv

Fed. R. Civ. P. 45(d)(1).................................................................................................10

Fed. R. Civ. P. 45(d)(2)(B)(i) ........................................................................................11

**TREATISES**

9A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 2463.2 & nn.12-13
  (3d ed. 2022) ...............................................................................................................11

Case 1:23-mc-00046-RDM   Document 1-1   Filed 04/28/23   Page 6 of 30

This miscellaneous action stems from a District of New Jersey ruling in the underlying action *United States ex rel. Jean-Claude Franchitti v. Cognizant Technology Solutions Corporation and Cognizant Technology Solutions U.S. Corporation*, No. 3:17-cv-06317 (D.N.J. filed Aug. 22, 2017) ("*Franchitti v. Cognizant*"). Defendants in that action, Cognizant Technology Solutions Corporation and Cognizant Technology Solutions U.S. Corporation (collectively, "Cognizant"), moved to compel discovery responses to subpoenas issued to non-parties United States Internal Revenue Service ("IRS") and Department of Labor ("DOL") (collectively, the "Agencies"). *See* Motion to Compel Production of Documents Pursuant to Subpoena Duces Tecum to IRS and DOL ("Motion to Compel"), *Franchitti v. Cognizant*, ECF No. 108. After Cognizant and the Agencies had fully briefed the Motion to Compel, the District Court denied the Motion on the grounds that it could not preside over the Motion to Compel because the place of compliance with the subpoena is the District of Columbia and the discovery is to be produced from Agencies within the District of Columbia. *Franchitti v. Cognizant*, ECF No. 150 at 4.

Cognizant now files its Motion to Compel in this District Court. However, Cognizant believes that the District of New Jersey remains better positioned to hear this motion. The District of New Jersey has managed the underlying *Franchitti* litigation for several years; it is well steeped in the discovery issues in the Motion—in particular, the relevance of the discovery sought; and it has already ruled on similar discovery issues. Accordingly, Cognizant has simultaneously filed a Motion to Transfer the Motion to Compel to the District of New Jersey under Rule 45(f), to which the subpoena recipients have consented. As set forth in that Motion to Transfer, there are multiple reasons why this Motion to Compel should be transferred to the District of New Jersey, as the court issuing the subpoenas. But, should this Court deny Cognizant's Motion to Transfer, the merits of Cognizant's Motion to Compel are set forth below.

1

The underlying litigation involves False Claims Act ("FCA") claims brought by Relator Jean Claude Franchitti ("Relator"), on behalf of the government, against Cognizant related to certain practices regarding visas obtained for, and salaries paid to, overseas employees who have come to the United States for business purposes. Relator claims deprived the government of funds in violation of the FCA. *See, e.g., Franchitti v. Cognizant*, ECF No. 123-1 at 2-3, 7-12. Although the government declined to intervene in Relator's FCA claims, the DOL and IRS are "real part[ies] in interest" in the underlying litigation, because they stand to recover any amounts obtained by Relator. *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 930 (2009). *Cf.* 31 U.S.C. § 3730(c)(2)(A) (giving the United States the right to dismiss declined *qui tam* complaints over a relator's objections). Although it stands to benefit from this decision through any potential recovery from successful claims, the United States has refused to allow Cognizant to defend itself against these claims by taking discovery from the relevant government agencies implicated by Relator's allegations. The United States has based its refusals on unsupported and illogical positions—even refusing to follow directly applicable precedent in the Third Circuit and this Court—and thereby has caused Cognizant to lose significant time from the discovery calendar and incur significant unnecessary costs seeking discovery that should not be in dispute for the real party in interest in this case.

As is common in FCA cases, Cognizant has sought discovery from relevant government agencies that are likely to have information that may support or otherwise relate to the claims and defenses in this case. Specifically, for more than six months, Cognizant has patiently sought document discovery (by issuing third-party subpoenas under the agencies' applicable "*Touhy*" regulations) to the Department of Justice ("DOJ"), United States Citizenship and Immigration

2

Services ("USCIS"), Department of Homeland Security Office of Inspector General ("DHS-OIG"), Internal Revenue Service ("IRS"), Department of Labor ("DOL"), and Department of Labor Office of Inspector General ("DOL-OIG"). Yet after these months of effort, and after the government has repeatedly dragged its heels causing months to elapse—only to refuse to even *look* for responsive documents in most cases, let alone produce such documents—Cognizant finds itself with almost nothing to show for its efforts. Other than a collection of emails that DOL produced between DOL personnel and Relator's counsel in this lawsuit,[2] these six agencies have produced a combined total of 36 documents. Phillips Decl. ¶ 12. Two of the agencies (DOJ and IRS) have refused to produce even a single document. *Id.* And every agency has refused, to varying degrees, even to conduct reasonable searches for potentially responsive documents. Each of these agencies has given indefensible explanations for their refusals—including, for example, refusing to produce specific categories of documents because Cognizant did not tell them exactly where they could find those documents *in their own offices*, and refusing a request expressly calling for *non*tax return information on the grounds that that request called for tax return information. This record speaks for itself: the government is systematically and improperly obstructing Cognizant's attempts to defend itself against the claims from which the government itself stands to benefit. Indeed, on average, the six subpoenaed agencies took nearly three months to issue formal responses, only to state in those responses that the agencies were by and large refusing Cognizant's discovery efforts.

Based on this record, Cognizant first filed motions in the District of New Jersey to compel discovery from DOJ (*Franchitti v. Cognizant*, ECF No. 82 (Sept. 16, 2022)) and from USCIS and

---

[2] These emails encompassed 141 documents, and mainly concerned a discrete set of interactions that Relator's counsel had with DOL over five years ago. Phillips Decl. ¶ 12.

DHS-OIG (*Id.*, ECF No. 100 (December 23, 2022)).[3] Cognizant initially refrained from moving to compel documents from IRS and DOL in the hopes that their delays and refusals could be resolved without motions practice, and because both agencies professed that they were willing to engage in a dialogue with Cognizant. But, nearly three months since service of its subpoena, IRS informed Cognizant that it will not search for or produce *any* documents in response to Cognizant's requests. Meanwhile, DOL confirmed to Cognizant that it is halting any further collections or productions of documents, despite leading Cognizant to believe for three months that it was continuing its efforts to respond. Cognizant is therefore forced to ask this Court for intervention.

As Cognizant explained in its subpoena requests to both DOL and IRS, and in numerous efforts to meet and confer with government counsel, the information Cognizant seeks is narrowly tailored to Cognizant's defenses, namely (1) the dispositive Public Disclosure Bar issues that the district court ordered should be the "first order of business" in discovery, *see Franchitti v. Cognizant*, ECF No. 32 at 15, and (2) essential elements of Relator's claims of fraud under the FCA, including the materiality of Cognizant's alleged false statements to the government and whether Cognizant had an "obligation" to pay the government the money that Relator alleges Cognizant owed. *See* 31 U.S.C. § 3729(a)(1)(G) (liability for any person who "knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government . . . ." (emphasis added)). These issues are critical to Cognizant's defenses in this lawsuit, and the relevance of the discovery Cognizant seeks is indisputably established by the FCA and by Supreme Court precedent, as discussed below.

---

[3] The District Court granted in part Cognizant's motion to compel DOJ, *see Franchitti v. Cognizant*, ECF No. 148. As explained above, the District Court denied Cognizant's motion to compel USCIS and DHS-OIG on jurisdictional grounds, *Franchitti v. Cognizant*, ECF No. 150 at 4. Cognizant has refiled its motion to compel USCIS and DHS-OIG in the District of Columbia.

Cognizant has been seeking information from DOL since May 2022, and from IRS since October 2022, and the current discovery cutoff is May 2023. At this point, IRS and DOL (and their sister agencies) have dragged their feet for many months and have now confirmed they do not intend to produce anything more. Pursuant to Local R. 7(m), Cognizant engaged in a good-faith effort to narrow the areas of disagreement with both USCIS and DHS-OIG before filing in the District of New Jersey and again before filing in this Court. Cognizant therefore seeks this Court's assistance to compel collection and production of the requested information. The Agencies oppose this Motion.

## I.     BACKGROUND

### A.     Procedural History and Factual Background of Underlying Action

Cognizant is a global leader in business in technology services, providing information and technology consulting services to customers around the world. Cognizant has approximately 330,600 employees worldwide, including approximately 40,000 employees in North America as of December 31, 2021. Like many companies, Cognizant applies for visas for some of its foreign-national employees through various U.S. government visa programs.

In August 2017, Relator filed a Complaint in the District of New Jersey against Cognizant alleging violations of the FCA. *Franchitti v. Cognizant*, ECF No. 1. The Complaint remained under seal until July 17, 2020, when the government declined to intervene. *Id.*, ECF No. 4. After

Cognizant filed a motion to dismiss Relator's original complaint, *Id.*, ECF No. 16, Relator amended his complaint, *Id.*, ECF No. 17. Cognizant filed a motion to dismiss Relator's First Amended Complaint, *Id.*, ECF No. 18, which the court granted in part and denied in part on August 17, 2021, *Id.*, ECF No. 32. Following the court's August 2021 order, two of Relator's three original allegations remain: Relator alleges that Cognizant (1) applied for cheaper L-1 and B-1 visas instead

of H-1B visas and, thus, deprived the government of the higher fees charged for H-1B visa applications; and (2) underpaid H-1B workers and, thus, deprived the government of the payroll taxes that it would have paid on the allegedly unpaid higher wages. *Id.* Cognizant filed a Motion for Reconsideration or, In the Alternative for Interlocutory Appeal, which was denied on March 1, 2022. *Id.*, ECF No. 56. Discovery ensued shortly after.[4]

## B. Cognizant's *Touhy* Requests to the IRS

Cognizant served IRS with a Rule 45 subpoena dated October 20, 2022 for documents via the agency's published *Touhy* process, with a return date of November 21, 2022. *See* Phillips Decl. Ex. 1 (Cognizant's *Touhy* Request to IRS). Cognizant's subpoena generally requests (1) documents and communications related to Cognizant's and similar employers' use of the L-1, B-1 or H-1B visa programs; (2) documents and communications between IRS and third parties, including Relator, about Cognizant's payment of payroll taxes for visa workers; and (3) IRS analyses and reports regarding employer obligations to pay payroll taxes on wages paid to visa workers and IRS's obligations to respond to FCA suits or investigations.[5] *Id.* It also states, in two separate places and bolded for emphasis, "Cognizant expressly exempts from its request any information that qualifies as return or return information as defined by IRC § 6103(b), except to the extent that the non-return information is 'reasonably segregable' from the return information." *Id.* On November 22, 2022, after the initial return date on the requests, counsel for IRS held an

---

[4] After Relator filed a Second Amended Complaint, Cognizant again moved to dismiss the action. *Franchitti v. Cognizant*, ECF No. 123. That motion to dismiss has been fully briefed and was argued on April 12, 2023; a decision on the motion is pending.

[5] Although Cognizant's *Touhy* Requests sought records from August 22, 2007 to present, because that is the time frame for discovery that Relator put at issue, the District of New Jersey has since limited the scope of party discovery to January 1, 2011 through December 31, 2020. *Franchitti v. Cognizant*, ECF No. 146 at 2. Therefore, Cognizant notes that it is willing to narrow the time frame originally proposed in its *Touhy* requests to the Agency to align with this 2011-to-2020 time period.

initial teleconference with counsel for Cognizant and promised a written response. *Id*. ¶ 13. That written response finally arrived on December 14, 2022, when IRS faxed a letter stating "the IRS will not be sending a representative to testify or produce documents in response to the above-referenced subpoena" and was requesting that Cognizant "withdraw [its] subpoena." *See Id*., Ex. 2 (IRS's Response Letter). In the letter, IRS acknowledged that Cognizant's request "'expressly exempts from its request any information that qualifies as return or return information as defined by IRC § 6103(b).'" *See id.* (IRS response, quoting from Cognizant's *Touhy* request). Notwithstanding this express carveout, IRS took the inexplicable position that the request nonetheless "seeks IRS records and/or information for use in a non-IRS matter which would be prohibited from disclosure under IRC § 6103." *Id.* at 2-3. IRS's response did not provide any further explanation or citations to IRC section 6103 that would justify its refusal to produce any responsive documents.

Cognizant met and conferred with counsel for IRS and DOJ regarding this response on December 22, 2022. *Id*. ¶ 14. During that call, Cognizant explained that it would not withdraw the subpoena, and IRS confirmed that it would not produce any information to Cognizant in response to its *Touhy* Request, based on the fact that this lawsuit was allegedly a "non-IRS" matter and IRS's position that—notwithstanding Cognizant's express disclaimer that it was not seeking information under IRC § 6103(b)—IRS was interpreting the request as seeking such information. *Id.*

On January 4, 2023, Cognizant sent an email explaining its position once again and asking IRS to reconsider its refusal to produce documents. *Id*., Ex. 3 (January 4, 2023 Email). On January

6, 2023, Cognizant and IRS met and conferred again, and IRS affirmed the position stated in its December 14, 2022 letter.[6] *Id*. ¶ 15.

### C. Cognizant's *Touhy* Requests to the DOL

Cognizant served a Rule 45 subpoena dated May 19, 2022 on DOL via the agency's published *Touhy* process. *See* Phillips Decl. Ex. 4 (Cognizant's *Touhy* Request to DOL). Cognizant's subpoena generally requests: (1) documents and communications related to Cognizant's and similar employers' payment of prevailing wages or other compensation to employees; and (2) documents and communications between DOL and third parties, including Relator, about Cognizant's payment of visa workers and payment of prevailing wages.[7] *Id.* On a July 1, 2022 meet and confer, DOL indicated it had already begun a search for responsive documents and Cognizant agreed that DOL could prioritize certain document requests and that it would provide search terms to help minimize the burden on DOL—which it did on July 11, 2022. *Id*. Ex. 5 (July 11, 2022 Email). Cognizant made clear that it was not dropping any document requests, but that it simply intended to prioritize some document requests over others—in particular, those requests most germane to Cognizant's defenses under the Public Disclosure Bar. *Id.* Cognizant was forced to follow up with DOL no less than *10 times* to inquire about the status of those searches—at times waiting weeks before receiving even the meagerest and non-substantive of responses from DOL. DOL finally began producing documents two months after

---

[6] IRS also said it would send another letter to Cognizant affirming this point, but as of January 27, 2023—the day Cognizant filed the motion in the U.S. District Court for the District of New Jersey—it has not done so. Phillips Decl. ¶ 15.

[7] Although Cognizant's *Touhy* Requests sought records from August 22, 2007 to present, because that is the time frame for discovery that Relator put at issue, the District of New Jersey has since limited the scope of party discovery to January 1, 2011 through December 31, 2020. *Franchitti v. Cognizant*, ECF No. 146 at 2. Therefore, Cognizant notes that it is willing to narrow the time frame originally proposed in its *Touhy* requests to the Agency to align with this 2011-to-2020 time period.

the meet and confer, in September 2022, which documents related to a single FOIA request involving Cognizant. DOL followed up with productions in October 2022 and December 2022 and asserted various privileges over an unspecified number of documents as grounds for withholding, but DOL did not provide a privilege log. *See id*. Ex. 6 (DOL *Touhy* Response Letter).

In the meantime, on October 14, 2022, Cognizant provided additional search terms in order to minimize the burden on DOL's search for reports or analyses about payment of prevailing wages by employer sponsors under the H-1B program ("Cognizant's Request D"). *Id*. Ex. 7 (October 14, 2022 Email). On October 28, 2022, DOL informed Cognizant that it was searching its systems for records related to Cognizant's Request D to determine the volume of responsive documents, if any, it possessed. *Id*. Ex. 8 (October 28, 2022 Email). On November 28, however, DOL changed its tune. For the first time in the *six months*, more than 20 emails, and three teleconferences since receiving Cognizant's *Touhy* requests, DOL asked for authority explaining how the requested documents related to FCA's Public Disclosure Bar—notwithstanding that Cognizant had already explained this in its initial *Touhy* request, subsequent telephone conferences, and emails without any follow-up questions from DOL. *Id*. Ex. 9 at 3 (November 28, 2022 Emails). Nevertheless, Cognizant again explained, with citation to applicable legal authority, how allegations of prevailing wage violations by other employer-sponsors in the same industry as Cognizant under the H-1B program could trigger the Public Disclosure Bar. *Id.* at 2-3. Cognizant also requested another meet-and-confer discussion to determine if the matter could be resolved without court intervention.

DOL did not make itself available for a meet and confer until January 20, 2023—again only after weeks of repeated follow-up emails by Cognizant. DOL revealed for the first time that it would not be producing documents responsive to Cognizant's Request D, even though it had

already conducted a search of its systems and had identified that potentially responsive

documents exist. *Id.* ¶ 16. DOL stated it was unwilling to collect the documents from the storage

locations where these documents reside because it would be too burdensome to do and would

require resources to be diverted from other responsibilities of DOL enforcement lawyers. *Id.*

DOL further stated, erroneously, that it did not agree with Cognizant's Public Disclosure Bar

position.[8] *Id.* Cognizant and DOL are at an impasse.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 26 entitles a litigant to discovery regarding any

"nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs

of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Courts have construed this rule liberally, creating a

broad vista for discovery." *Tele-Radio Sys. Ltd. v. De Forest Elecs., Inc.*, 92 F.R.D. 371, 375

(D.N.J. 1981); *see also Fed. Trade Comm'n v. Sysco Corp.*, 308 F.R.D. 19, 23 (D.D.C. 2015) ("The

Federal Rules of Civil Procedure were devised to provide for 'liberal' pretrial discovery.") (citation

omitted). Thus, there is a "presumption" that "all relevant material is discoverable unless an

applicable evidentiary privilege is asserted." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000);

*see also Breiterman v. United States Capitol Police*, 324 F.R.D. 24, 27 (D.D.C. 2018) ("The

Federal Rules of Civil Procedure encourage the exchange of information through broad

---

[8] In particular, counsel for DOL stated the agency disagreed with Cognizant's explanation of
relevance of the requested documents because DOL's knowledge of other employers' prevailing
wage allegations would not trigger a DOL investigation of Cognizant under DOL regulations.
Counsel for Cognizant explained that this misconstrued the public disclosure bar standard, which
focuses on allegations or transactions that could put the government on notice of the alleged
fraud—not DOL administrative investigations—and courts have recognized that other companies'
conduct in the same industry can create public disclosures under the FCA. Counsel for DOL
maintained his disagreement, but indicated that the agency would review Cognizant's position and
provide a formal response. Counsel for Cognizant asked that DOL inform Cognizant if it
has changed its position by January 25, 2023 so that Cognizant could seek court intervention if
necessary. To date, DOL has not responded in any fashion. Phillips Decl. ¶ 16.

Case 1:33-av-00001-BBM    Document 19    Filed 07/03/23    Page 16 of 30

discovery.") (internal quotation marks omitted). Discovery directed at third parties under Federal Rule of Civil Procedure 45 is subject to the same broad scope of permissible discovery set by Rule 26, so long as the discovery does not impose an "undue burden." Fed. R. Civ. P. 45(d)(1); *Schmulovich v. 1161 Rt. 9 LLC*, No. 07-597, 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007); *Fed. Trade Comm'n*, 308 F.R.D. at 23 ("The liberality of the Rules applies to discovery sought from third parties.").

Under Rule 45, a litigant propounding a third-party discovery request may move "[a]t any time . . . for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). A "party moving to compel bears the initial burden of showing the relevance of the requested information. The burden then shifts to the party resisting discovery to justify withholding it." *Morrison v. Phila. Hous. Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001) (citations omitted); *see also United States v. Kellogg Brown & Root Servs., Inc*., 284 F.R.D. 22, 27 (D.D.C. 2012).

In the D.C. Circuit, a motion to compel an agency's compliance with a *Touhy* request is reviewed under Rule 45's undue burden standard. *Watts v. Sec. & Exch. Comm'n*, 482 F.3d 501, 508-09, 508 n.* (D.C. Cir. 2007) (Kavanaugh, J.) ("Rule 45 also supplies the standards under which district courts assess agency objections to a subpoena .... [A]n agency's *Touhy* regulations do not relieve district courts of the responsibility to analyze privilege or undue burden assertions under Rule 45.").

In the Third Circuit, where this Motion to Compel was initially briefed and to which Cognizant has moved for the Motion to Compel be transferred under Rule 45(f), some courts apply the Administrative Procedure Act's arbitrary and capricious standard, and some apply the Rule 45 standard. 9A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 2463.2 & nn.12-13 (3d ed. 2022). Regardless of the standard applied, Cognizant's Motion to Compel should still be

granted because the Agencies' denials of Cognizant's *Touhy* requests fail both the Rule 45 and APA standards. *See, e.g.*, *Mickendrow v. Watner*, No. CV 20-007 (JMV), 2021 WL 2821176, at *4 (D.N.J. July 7, 2021) ("Regardless of the standard applied, the result is the same . . . .").

## III. ARGUMENT

### A. IRS and DOL Have Discovery Obligations Even Though They Are Not Technically Parties to the Litigation.

The IRS and DOL may not seek to avoid discovery obligations by way of their non-party status because this litigation is a FCA case brought on the government's behalf and for the government's benefit. Furthermore, even nonparties outside of such context have discovery obligations.

Under the *qui tam* provision of the False Claims Act, 31 U.S.C. §§ 3729-3733, individuals may bring suit on behalf of the United States. Once a *qui tam* suit is filed, the United States must investigate the allegations and determine whether to intervene in the *qui tam*. *Id.* § 3730. Since the United States, acting through the Department of Justice ("DOJ"), declined to intervene in this action, *Franchitti v. Cognizant*, ECF No. 4, it is technically not a party, but it remains the "real party in interest" in this lawsuit because the FCA claims are the United States' claims. *Eisenstein*, 556 U.S. 930. The majority of any recovery that might be secured will be paid to the government. 31 U.S.C. § 3730(d). Thus, the "United States, and therefore [its agencies like IRS and DOL], [are] not . . . disinterested third-part[ies]." *Williams v. C. Martin Co. Inc.*, No. 07–6592, 2014 WL 3095161, at *5 (E.D. La. July 7, 2014).

Even when it does not intervene, the "[g]overnment and its agencies are subject to the same discovery obligations as other non-parties under Federal Rule of Civil Procedure 45, including the obligation to respond to subpoenas for documents." *United States ex rel. Thrower v. Acad. Mortg. Corp.*, 968 F.3d 996, 1006 (9th Cir. 2020). Accordingly, courts routinely require the government

Case 1:5-cie-00048-BDW   Document 1-1   Filed 04/08/53   Page 18 of 30

to produce documents and information in response to *Touhy* requests in *qui tam* cases like this one where the government has declined to intervene. *See, e.g.*, *Williams*, 2014 WL 3095161, at *3 (compelling *Touhy* deposition in a non-intervened *qui tam*); *United States ex rel. Lewis v. Walker*, No. 3:06-CV-16, 2009 WL 2611522, at *4 (M.D. Ga. Aug. 21, 2009) (compelling *Touhy* deposition in a non-intervened *qui tam*).

Indeed, courts have stated that *Touhy* regulations exist for this very situation, where "[a] party to an adversary proceeding in which the United States is not a party which seeks to obtain documents from a federal agency." *Carbone v. Martin*, CV 18-3509, 2021 WL 1224102, at *1 (E.D.N.Y. Mar. 31, 2021) (citing *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)). Neither IRS nor DOL have been able to cite any authority to show that Cognizant's *Touhy* requests, made via lawful subpoenas under Rule 45, are an improper vehicle for seeking the requested discovery.

### B. Cognizant's *Touhy* Requests Seek Indisputably Relevant Documents and Information from IRS and DOL.

Cognizant's *Touhy* requests seek specific categories of documents that are indisputably relevant. As to IRS, Cognizant seeks, with the express exception of any tax returns or return information, three categories of documents: (1) documents and communications related to Cognizant's and similar employers' use of the L-1, B-1 or H-1B visa programs; (2) documents and communications between IRS and third parties, including Relator, about Cognizant's payment of

payroll taxes for visa workers; and (3) IRS analyses and reports regarding employer obligations to pay payroll taxes on wages paid to visa workers and IRS's obligations to respond to FCA suits or investigations. *See* Ex. 1. As to DOL, Cognizant seeks two categories of documents: (1) documents and communications related to Cognizant's and similar employers' payment of prevailing wages or other compensation to employees; and (2) documents and communications between DOL and

third parties, including Relator, about Cognizant's payment of visa workers and payment of prevailing wages. *See* Ex. 4. As Cognizant explained in its *Touhy* requests to both agencies and on subsequent meet-and-confer attempts, the requested information is relevant to Cognizant's defenses under the FCA's Public Disclosure Bar, essential elements of Relator's FCA claim, and the FCA's Tax Bar (as it relates to the IRS). *See id.*; Ex. 1.

As to the Public Disclosure Bar, the discovery sought from IRS and DOL is relevant because any "Federal report, hearing, audit, or investigation" of issues related to the Action that was publicly disclosed—in whatever fashion—is an actionable public disclosure requiring dismissal of the action. 31 U.S.C. § 3730(e)(4)(A). Furthermore, when an agency discloses information in response to a FOIA request, that constitutes a public disclosure that triggers the statutory Public Disclosure Bar. *Schindler Elevator Corp. v. United States ex rel. Kirk*, 563 U.S. 401, 410 (2011). Here, the sought documents and communications bear on public disclosure of information (through reports, analyses, audits, FOIA requests, etc.) relating to Relator's allegations that Cognizant failed to pay H1-B employees the prevailing wage and, in turn, failed to pay payroll taxes that it otherwise would have had to pay.

Additionally, the documents that Cognizant requests relating to other employer-sponsors' conduct are plainly relevant to Cognizant's ability to assert a defense premised on the Public Disclosure Bar. It is well established that the FCA's Public Disclosure Bar applies when allegations or transactions "substantially the same" as the allegations or transactions in the *qui tam* were publicly disclosed. 31 U.S.C. § 3730(e)(4)(A). Courts have explained that whether the public disclosure bar is triggered depends on whether there is enough information in the public domain to set the government on the trail of the alleged fraud. *United States ex rel. Winkelman v. CVS Caremark Corp.*, 827 F.3d 201, 209 (1st Cir. 2016) (there is "no requirement that a public

disclosure use magic words or specifically label disclosed conduct as fraudulent"). Therefore, disclosures of wrongdoing in an industry can trigger the bar against easily identifiable members of that same industry. *See, e.g., United States v. Alcan Elec. & Eng'g, Inc.*, 197 F.3d 1014, 1018–19 (9th Cir. 1999) (even where a public disclosure did not identify defendant by name, allegations against industry participants triggered bar because the government could easily identify "a narrow class of suspected wrongdoers"). Therefore, the requested documents about Cognizant's and similar employers' payment of prevailing wages or other compensation to employees are relevant to Cognizant's Public Disclosure Bar defense.

Second, the requested documents bear on whether the alleged false statements were material—an essential element of any fraud claim under the FCA. *See* 31 U.S.C. § 3729(a)(1)(G) (prescribing liability for any person who "knowingly makes, uses, or causes to be made or used, a false record or statement *material* to an obligation to pay or transmit money or property to the Government . . . ." (emphasis added)). The Supreme Court has explained that if the government is aware of the alleged defect in a claim and approves it anyway, that is "strong evidence" that the defect is immaterial. *See Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 195 (2016). Cognizant's requests for documents relating to IRS's and DOL's knowledge of Cognizant's or similar employers' alleged failure to pay visa-dependent workers the prevailing wage thus bear on materiality if those agencies then refrained from bringing actions for unpaid taxes or other claims germane to Relator's allegations.

The requested documents also relate to whether Cognizant had an "obligation" to pay certain employee wages and accompanying taxes because these documents may reflect the agencies' interpretation and application of legal authorities relating to the L-1, B-1, and H-1B visa programs and the prevailing wage requirements. *See* 31 U.S.C. § 3729(a)(1)(G) (prescribing

liability for any person who "knowingly makes, uses, or causes to be made or used, a false record or statement material to an *obligation* to pay or transmit money or property to the Government . . . ." (emphasis added)).

Unsurprisingly, courts have found near-identical discovery to be relevant to a defendant's FCA defenses. *See* Order re Discovery Disputes ¶ 2, *United States ex rel. Polansky v. Exec. Health Res.*, No. 2:12-cv-04239-MMB (E.D. Pa. Oct. 23, 2018) (holding that the defendant's *Touhy* requests to agencies requesting "DOCUMENTS concerning this case and/or the allegations in the COMPLAINT that YOU exchanged with any other government Agency or Sub-Agency, or any personnel, contractor, or agent thereof" and "DOCUMENTS CONCERNING DEFENDANT'S concurrent review process" and other allegedly fraudulent processes "were within the scope of discovery in this case and relevant to the issues"); *see also, e.g.*, *United States v. Paramedics Plus LLC*, No. 4:14-CV-00203, 2018 WL 620776, at *7 (E.D. Tex. Jan. 30, 2018). This Court should too.

Finally, the requested documents from IRS relate to Cognizant's Tax Bar defense. The FCA's "Tax Bar" precludes FCA suits premised on "claims, records, or statements made under the Internal Revenue Code of 1986," 31 U.S.C. § 3729(d), and extends to all "claims that depend on a violation of the Tax Code in addition to claims seeking to recover federal taxes." *Greene v. IRS*, No. 08-cv-0280, 2008 WL 5378120, at *6 (N.D.N.Y. Dec. 23, 2008), *aff'd*, 348 F. App'x 625 (2d Cir. 2009). The Amended Complaint unequivocally seeks to recover underpaid federal taxes. *See e.g.*, Am. Compl. ¶ 77 ("Cognizant's fraudulent conduct has further deprived the government of substantial tax revenue because Cognizant consistently underpays its thousands of its H-1B visa workers utilized in the U.S. each year.").

The *Franchitti* court also recognized Relator's allegations as such by permitting, after Cognizant's motion to dismiss, Relator to move forward under the reverse FCA to recover "federal taxes." *See Franchitti v. Cognizant*, ECF No. 32 at 16 (allowing Relator's suit to move forward "to the extent that he argues Defendant deprived the United States of income tax revenue by underpaying its H-1B visa employees."). Given the district court's recognition that Relator's claims seek recovery of federal taxes, Cognizant seeks discovery to determine if IRS *itself* sees Relator's claim as one to which the FCA's Tax Bar would apply. Surely IRS cannot simultaneously stand to benefit from a claim for unpaid taxes while believing that such a claim is not enforceable under the FCA.

### C. The Agencies' Remaining Objections Are Contrary to the Prevailing Law and Do Not Justify Withholding of Information.

#### 1. IRS's Purported Justifications for Denying Cognizant's Requests Are Indefensible.

In its *Touhy* request, Cognizant sought narrow, targeted categories of documents. Given the well-known sensitivity of tax information, Cognizant went out of its way—in bold text, and in two separate places—in its subpoena to be clear that it was not requesting tax "returns" or "return information." Phillips Decl. Ex. 1 at 3, 5. Cognizant's *Touhy* request could not have been clearer about this, as shown below:

> Pursuant to 26 C.F.R. § 301.9000-5(a)(2), Cognizant provides the following summary of the documents that it seeks from the IRS. Cognizant expressly **exempts from its request any information that qualifies as return or return information as defined by IRC § 6103(b), except to the extent that the non-return information is "reasonably segregable" from the return information.** *Cause of Action v. Internal Revenue Serv.*, 125 F. Supp. 3d 145, 164 (D.D.C. 2015).

*Id*. Ex. 1 at 3. Nonetheless, IRS informed Cognizant that it was denying Cognizant's requests in whole because (1) the requests seek "IRS records and/or information for use in a non-

IRS matter" and (2) the documents sought "would be prohibited from disclosure under IRC § 6103." *Id*. Ex. 2 at 2-3. The IRS's positions are frivolous and without merit.

First, there is no legal basis for IRS to withhold documents on the grounds that this litigation is a "non-IRS" matter.[9] To begin, any assertion that this is a "non-IRS" matter is misplaced here, since the Relator has asserted claims under the FCA on IRS's behalf and in which IRS is a "real party in interest." *Eisenstein*, 556 U.S. 930.

But in any event, courts have held that *Touhy* regulations exist for this very situation, where "[a] party to an adversary proceeding in which the United States is not a party which seeks to obtain documents from a federal agency." *Carbone*, 2021 WL 1224102, at *1. This applies with equal weight in the IRS context. For instance, in *Philpott v. City of Mason City, Iowa*, No. C 09-3062, 2010 WL 11450401, at *2 (N.D. Iowa Sept. 15, 2010), the court held that IRS's refusal to comply with a *Touhy* request because it was a "disinterested party" was improper. *See also D'Angio v. United States*, No. 3:07-cv-474, 2007 WL 9757555, at *5 (M.D. Pa. Aug. 22, 2007) (*Touhy* request was appropriately served upon IRS in non-IRS matter).

Indeed, the Treasury Department's own *Touhy* regulations—under which Cognizant's *Touhy* requests were sent—expressly contemplate *Touhy* requests will be made in connection with non-IRS matters. Specifically, Treas. Reg. § 301.9000–2(c) lists fourteen "additional factors" that authorizing officials should consider when responding to a request for "information in connection with a non-IRS matter." Additionally, Treas. Reg. § 301.9000–5 sets forth information to be included in a *Touhy* request for information in "non-IRS matters." If the classification of this case

Case 1:19-cv-00639-BBW Document 94 Filed 08/03/2 Page 57 of 30

---

[9] IRS's Internal Revenue Manual defines a "non-IRS" matter as one where the IRS is not a party and that does not relate to official business of the IRS or laws administered by or concerning the IRS. Disclosure, Testimony, and Production of Documents, IRM 34.9.1.2(6), (8), IRS (May 3, 2013).

as a "non-IRS" matter precluded IRS from responding to *Touhy* requests, these provisions would not exist. And Cognizant dutifully analyzed each of these factors in its *Touhy* request and explained why production of information is appropriate despite this being a "non-IRS" matter. *See* Phillips Decl. Ex. 1. These regulations plainly show that the mere fact this is a "non-IRS" matter does not justify a wholesale rejection of the requests.

The IRS's only other objection to producing the requested discovery—that the requests seek information that "would be prohibited from disclosure under IRC § 6103," which prohibits disclosure of certain returns and return information—is frivolous. As shown above, Cognizant's *Touhy* requests expressly exempted "return or return information as defined by IRC § 6103(b), except to the extent that the non-return information is 'reasonably segregable' from the return information"—put otherwise, "tax records." Phillips Decl. Ex. 1 at 3, 5. IRS acknowledges this fact in its December 14, 2022 letter, *see Id*. Ex. 2 at 2, yet, in the same breath, asserts that the *Touhy* request *does* call for such information. These positions cannot be squared with the information Cognizant has actually requested. Thus, IRS's objection based on § 6103—an objection they maintained even after Cognizant brought its illogic to IRS's attention during meet-and-confer discussions—is nonsensical and frivolous.

What Cognizant *has* requested is non-return information and information that is segregable from return information. And this type of information is clearly disclosable, even under § 6103. For example, § 6103(b)(2) explicitly excludes from the definition of "return information" any "data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer." 26 U.S.C. § 6103(b)(2). The Supreme Court has interpreted this language to permit disclosure of "statistical studies and compilations" created by IRS. *Church of Scientology of Ca. v. I.R.S.*, 484 U.S. 9, 10 (1987); *accord, e.g.*, *Church of Scientology of Tex. v. I.R.S.*, 816 F.

Case 4:19-cv-00578-LBW    Document XXX    Filed 03/03/23    Page XX of XX

Supp. 1138, 1150 (W.D. Tex. 1993) ("[I]f the IRS takes return information from various taxpayers and creates a statistical study or a compilation, the statistical study or compilation would be subject to disclosure."). Furthermore, courts have specifically held that information regarding IRS investigations or audits of particular classes of taxpayers are not protected by § 6103 and have ordered production of annual aggregate statistics regarding IRS investigations of certain categories of taxpayers and the penalties imposed on certain categories of taxpayers for violations of IRS regulations. *Branch Ministries, Inc. v. Richardson*, 970 F. Supp. 11, 18 (D.D.C. 1997). Other relevant IRS records, such as position papers, reports, or analyses of prevailing wage issues or their intersection with the FCA may not be based upon taxpayer information even at an aggregate or summary level.

Cognizant seeks precisely this type of information. The IRS provides no explanation for why the requested compilations or other reports that relate to employer sponsors' classification of visa dependent workers or employer obligations to pay payroll taxes on wages paid to visa-dependent workers and/or prevailing wages to visa-dependent workers would be protected by § 6103. Thus, even if § 6103 were implicated—and it is not—IRS should still be required to search for and produce the requested documents. To the extent IRS believes certain categories of documents are protected by § 6103 and are not reasonably segregable, IRS should be required to describe these categories in sufficient detail to allow Cognizant to review these determinations and challenge them as necessary. *See, e.g., Baranski v. United States*, No. 4:11-CV-123 CAS, 2014 WL 7335151, at *7 (E.D. Mo. Dec. 19, 2014) (requiring IRS to "address in its privilege log or otherwise" why certain tax records that the government claimed were subject to withholding as protected tax information should not be produced in response to a Rule 45 subpoena). But IRS has attempted to shirk all of these types of obligations too.

In sum, the position IRS has taken to date is plainly contrary to law. IRS has a clear obligation to: (1) produce any responsive information that does not constitute "tax returns" or "return information," including FOIA requests from third parties, agency legal analyses, and all other information sought by Cognizant's *Touhy* request, *see, e.g., Tax Analysts v. I.R.S.*, 117 F.3d 607 (D.C. Cir. 1997) ("legal analysis contained in field service advice memoranda, issued by the Office of Chief Counsel for the IRS in response to requests from field personnel for legal guidance, was not protected from disclosure under the Internal Revenue Code as 'return information'"); and (2) produce support for its assertion that any records it seeks to withhold under § 6103 fall within the privilege, *see e.g., Batton v. Evers*, 598 F.3d 169, 177 (5th Cir. 2010) (IRS's blanket claim of privilege under § 6103, without support, is insufficient).

### 2. DOL's Additional Arguments for Denying Cognizant's Requests Are Meritless.

In October 2022, DOL represented to Cognizant that it was searching for records responsive to Cognizant's request for reports or analyses about payment of prevailing wages by employer sponsors under the H-1B program. *See* Phillips Decl. Ex. 8. After three months of delay without following up with or updating Cognizant on this effort, in January 2023, DOL revealed that it had actually identified that potentially responsive records exist, but that it had no intention of collecting and producing such documents on burden grounds simply because it would require DOL employees to exert a modicum of effort to do so. DOL's burden argument is unsupported by

fact and is indefensible by law. Additionally, DOL improperly asserted various, boilerplate privileges over an unspecified number of files without actually evaluating whether those privileges actually apply to specific responsive documents, and without providing a privilege log that would allow Cognizant to evaluate the claims of privilege. DOL's assertions are unavailing under the law.

DOL asserts, without explanation, that collecting and producing documents from different

storage locations is too burdensome and would divert resources from other core agency responsibilities of DOL enforcement lawyers—ignoring that Relator's claims purport to enforce DOL's laws and would ostensibly be well within those responsibilities. DOL's burden argument is unsupported by the law.

First, requesting that DOL produce the documents it has *already identified* is entirely appropriate especially where, as here, the claims are brought on the government's behalf and the government stands to benefit from the outcome of the case. *See Fairholme Funds, Inc. v. Fed. Hous. Fin. Agency*, No. 1:13-CV-1053, 2019 WL 5864595, at *3 (D.D.C. Nov. 8, 2019) ("[C]oncerns about the burden placed on the nonparty are not as great as they would be if [Agency] truly had no interest in or involvement with the underlying lawsuit.").

Second, "establishing that production would be burdensome is still not enough—production must be *unduly* burdensome." *Id.* at *4 (emphasis in original). And "[c]ourts rarely find that *relevant* requests would constitute an undue burden." *Id*. at *3 (emphasis added). Furthermore, courts have held that "explanations that are cursory or vague" are insufficient to support a finding of undue burden. *Id.*; *see, e.g.*, *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-MD-2885, 2020 WL 6065076, at *5 (N.D. Fla. Oct. 14, 2020) ("[T]he government has not presented an affidavit or other evidence in support of its claim of undue burden. This alone is a basis to reject the Government's claim.").

Here, DOL has not provided any concrete facts to explain how unduly burdensome any amount of collection and production would be, and it asserts only boilerplate burden arguments that are insufficient under the case law. Furthermore, Cognizant's requests are tailored to its need for information to support its defenses and should not impose any undue burden for DOL to search for, collect, and produce the requested documents. Indeed, Cognizant provided DOL with several

22

search terms that they have already run through their systems with no issues, which cuts against DOL's undue burden argument. Cognizant requests that DOL now collect and produce the documents it has already identified, but DOL has indicated that it will not do more unless ordered to do so.

Finally, DOL's various, vague privilege assertions are improper. DOL states that certain documents relating to Cognizant's request for audits, analyses, or reviews of Cognizant's payment to its visa employees and payment of prevailing wages "would be protected by several privileges, including but not limited to the deliberative process privilege and the informant's privilege." Phillips Decl. Ex. 6 at 4.[10] These assertions of privilege are unavailing because DOL "vaguely alludes to the fact that some information might be privileged [or subject to withholding]; however, [they] make[] no argument regarding privilege [or other bases for withholding, and] ha[ve] not produced a privilege log." *Paramedics Plus LLC*, 2018 WL 620776, at *7 (footnote omitted). "Without such specificity, the Court cannot and [should] not rule on such an objection." *Id*. DOL's "indiscriminate claim of privilege [should] in itself be sufficient reason to deny it" because the "court when faced with such a claim cannot make a just or reasonable determination of its validity." *United States v. O'Neill*, 619 F.2d 222, 227 (3d Cir. 1980). Indeed, DOL provides no justification for why every part of each document it is claiming privilege over cannot even be produced in unredacted form.

DOL's speculative assertions that the requested documents may be subject to withholding are unavailing, and the Court should order production of the documents, or, at minimum, order DOL to produce a privilege log of the documents it claims are protected.

---

[10] DOL also asserts the Investigatory Files Privilege regarding the contents of one investigative file. Phillips Decl. Ex. 6 at 4. Cognizant requests that this file be included on a privilege log. Cognizant reserves its right to object to this assertion of privilege after a review of privilege log.

## IV.    CONCLUSION

IRS and DOL stand to benefit from the claims Relator has brought, but they have gone out of their way to avoid their obligations to respond to Cognizant's lawfully issued subpoenas for documents. These agencies are just the latest in the line of other agencies that have deliberately stalled and delayed the course of discovery for months. Cognizant requests the Court enter an order that the agencies fully comply with the *Touhy* requests and make a complete production of all responsive documents and a privilege log within thirty (30) days of the Court's order on the motion.

Dated: April 28, 2023                    Respectfully Submitted,

Jonathan M. Phillips  (D.C. Bar No. 989061)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539
JPhillips@gibsondunn.com

*Attorney for Movants*