IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION and COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION,<br><br>Movants,<br><br>v.<br><br>UNITED STATES INTERNAL REVENUE SERVICE and UNITED STATES DEPARTMENT OF LABOR,<br><br>Respondents. | Misc. Case No. _____<br><br>Original Proceeding:<br><br>*United States ex rel. Jean-Claude Franchitti v. Cognizant Technology Solutions Corporation and Cognizant Technology Solutions U.S. Corporation*, No. 3:17-cv-06317 (D.N.J. filed Aug. 22, 2017) |

**DECLARATION OF JONATHAN M. PHILLIPS IN SUPPORT OF COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION AND COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION'S MOTION TO COMPEL DISCOVERY FROM THE UNITED STATES INTERNAL REVENUE SERVICE AND DEPARTMENT OF LABOR**

I, Jonathan M. Phillips, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an attorney at the law firm of Gibson, Dunn & Crutcher LLP. I serve as counsel for Cognizant Technology Solutions Corporation and Cognizant Technology Solutions U.S. Corporation (collectively, "Cognizant") in the above captioned matter. The facts stated herein are true based on my personal knowledge. If called as a witness in this matter, I could and would competently testify to the matters set forth below.

2. I submit this declaration in support Cognizant's Motion to Compel Discovery from the United States Internal Revenue Service and Department of Labor (the "Motion").

3. **Exhibit 1** to this Declaration is a true and correct copy of a subpoena dated October 20, 2022 to the Internal Revenue Service ("IRS"), Office of Chief Counsel and letter from Cognizant's counsel to IRS containing Cognizant's *Touhy* requests.

1

4.      **Exhibit 2** to this Declaration is a true and correct copy of a December 14, 2022 letter faxed from IRS to Cognizant's counsel.

5.      **Exhibit 3** to this Declaration is a true and correct copy of communications between Cognizant's counsel and IRS dated January 4, 2023.

6.      **Exhibit 4** to this Declaration is a true and correct copy of a subpoena dated May 19, 2022 to the Department of Labor ("DOL") and letter from Cognizant's counsel to DOL containing Cognizant's *Touhy* requests.

7.      **Exhibit 5** to this Declaration is a true and correct copy of communications between Cognizant's counsel and DOL dated July 11, 2022.

8.      **Exhibit 6** to this Declaration is a true and correct copy of a October 7, 2022 letter from DOL to Cognizant's counsel.

9.      **Exhibit 7** to this Declaration is a true and correct copy of communications between Cognizant's counsel and DOL dated October 14, 2022.

10.     **Exhibit 8** to this Declaration is a true and correct copy of communications between DOL and Cognizant's counsel dated October 28, 2022.

11.     **Exhibit 9** to this Declaration is a true and correct copy of communications between Cognizant's counsel and DOL dated November 28, 2022.

12.     DOL produced 141 documents between DOL personnel and Relator's counsel in this lawsuit that mainly concerned a discrete set of interactions that Relator's counsel had with DOL over five years ago. Other than that, the six agencies that Cognizant has subpoena have produced a combined total of 36 documents. Two of the agencies (DOJ and IRS) have refused to produce even a single document.

13. On November 22, 2022, counsel for IRS held an initial teleconference with counsel for Cognizant and promised a written response.

14. On December 22, 2022, counsel for IRS and DOJ held a teleconference with counsel for Cognizant. On that call, counsel for Cognizant explained that it would not withdraw the subpoena. Counsel for IRS confirmed that it would not produce any information to Cognizant in response to its *Touhy* Request, based on the fact that this lawsuit was allegedly a "non-IRS" matter and IRS's position that Cognizant's requests seek information under IRC § 6103.

15. On January 6, 2023, counsel for IRS and DOJ held a teleconference with counsel for Cognizant. Counsel for IRS affirmed the position stated in IRS's December 14, 2022 response letter. Counsel for IRS also said it would send another letter to Cognizant affirming this point. IRS did not send the letter until February 24, 2023—weeks after Cognizant filed the motion to compel in the U.S. District Court for the District of New Jersey.

16. On January 20, 2023, counsel for DOL and DOJ held a teleconference with counsel for Cognizant that counsel for Cognizant had been trying to schedule for weeks. Counsel for DOL revealed for the first time that it would not be producing documents responsive to Cognizant's Request D. Counsel for DOL explained that it had already conducted a search of its systems and had identified that potentially responsive documents exist, but was unwilling to collect the documents from the storage locations where these documents reside because it would be too burdensome to do so and would require resources to be diverted from other responsibilities of DOL enforcement lawyers. Counsel for DOL also stated that it did not agree with Cognizant's Public Disclosure Bar position. In particular, counsel for DOL stated the agency disagreed with Cognizant's explanation of relevance of the requested documents because DOL's knowledge of other employers' prevailing wage allegations would not trigger a DOL investigation of Cognizant

3

under DOL regulations. Counsel for Cognizant explained that this misconstrued the public disclosure bar standard, which focuses on allegations or transactions that could put the government on notice of the alleged fraud—not DOL administrative investigations—and courts have recognized that other companies' conduct in the same industry can create public disclosures under the FCA. Counsel for DOL maintained his disagreement, but indicated that the agency would review Cognizant's position and provide a formal response. Counsel for Cognizant asked that DOL inform Cognizant if it has changed its position by January 25, 2023 so that Cognizant could seek court intervention if necessary. To date, DOL has not responded in any fashion. Counsel for Cognizant further asked that DOL provide a privilege log by January 27, 2023 for the documents over which it claims privilege—which it also has not done.

    I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 28, 2023　　　　　　　　Respectfully Submitted,

                                                   Jonathan M. Phillips  (D.C. Bar No. 989061)
                                                   GIBSON, DUNN & CRUTCHER LLP
                                                   1050 Connecticut Avenue, N.W.
                                                   Washington, DC 20036-5306
                                                   Telephone: 202.955.8500
                                                   Facsimile: 202.467.0539
                                                   JPhillips@gibsondunn.com