# Exhibit 1

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Jonathan M. Phillips
Direct: +1 202.887.3546
Fax: +1 202.530.9530
JPhillips@gibsondunn.com

October 20, 2022

VIA FIRST CLASS MAIL

Office of Chief Counsel
Internal Revenue Service
801 9th Street, NW
Mint Building, Room 4-157
Washington, DC, 20220

Re:   *Touhy* Request for Information in Connection With *United States ex rel. Franchitti v. Cognizant Technology Solutions Corp., et al.*, 3:17-cv-06317-PGS-LHG(D.N.J.)

To Whom It May Concern:

Pursuant to Internal Revenue Service (the "IRS") regulations, codified at 26 C.F.R. §§ 301.9000-1 *et seq.*, Cognizant Technology Solutions Corp. and Cognizant Technology Solutions U.S. Corp. (collectively, "Cognizant") respectfully submit the following requests to the IRS for the production of documents and official records for use in the above-captioned matter.

### *Brief Description of Parties and Subject Matter of Proceeding*

Pursuant to 26 C.F.R. § 301.9000-5(a)(1), Cognizant sets forth the below description of the parties and subject matter of the proceeding.

Cognizant's request is made in connection with *United States ex rel. Franchitti v. Cognizant Technology Solutions Corp., et al.*, 3:17-cv-06317-PGS-LHG, pending before the United States District Court for the District of New Jersey.

Cognizant is a global leader in business in technology services, providing information and technology consulting services to customers around the world. Cognizant approximately 330,600 employees worldwide, including approximately 40,000 in North America as of December 31, 2021. Like many companies, Cognizant applies for visas for some of its foreign-national employees through various U.S. government visa programs.

Relator Jean Claude Franchitti, a former employee of Cognizant, filed a Complaint against Cognizant alleging violations of the False Claims Act ("FCA") related to Cognizant's payment of payroll taxes to the federal government for certain employees who worked in the

**GIBSON DUNN**

Office of Chief Counsel
October 20, 2022
Page 2

United States pursuant to an H-1B visa. Relator's claims concern conduct dating from August 22, 2007 to the present. Relator brings these claims on behalf of the United States pursuant to the FCA's *qui tam* provisions, 31 U.S.C. § 3730.

Relator alleges, in relevant part, that Cognizant did not pay its H-1B employees the required "prevailing wage" under 20 CFR § 655 Subparts H & I and the Immigration and Nationality Act § 212(n) (collectively the "Prevailing Wage Requirements"). According to Relator, by failing to pay the prevailing wage, Cognizant thereby "reduced the amount of federal payroll tax it otherwise would have been required to pay the federal government" and has "successfully reduced its federal tax payments without any misrepresentation to or fraud on the Internal Revenue Service ('IRS')." Relator alleges that "the IRS and tax laws, faithfully obeyed, simply required less of a contribution from Cognizant than would have been required had Cognizant paid H-1B visa holders what it told the federal government it would pay." Relator further alleges that "[b]y underpaying H1-B employees on the order of 20% to 30% of their salaries, the federal government's tax receipts on that required 7.65% was lower by the very operation of the tax laws."

***Information Sought and Relevance to Proceedings***

Pursuant to 26 C.F.R. § 301.9000-5(a)(2), Cognizant provides the following summary of the documents that it seeks from the IRS. **Cognizant expressly exempts from its request any information that qualifies as return or return information as defined by IRC § 6103(b), except to the extent that the non-return information is "reasonably segregable" from the return information.** *Cause of Action v. Internal Revenue Serv.*, 125 F. Supp. 3d 145, 164 (D.D.C. 2015).

a) All requests under the Freedom of Information Act ("FOIA") that the IRS has received from August 22, 2007 to present related to the use of the H-1, L-1, or B-1 visa programs by Cognizant or other employers, including the payment of payroll taxes to the IRS from the salaries of employees dependent upon such visa programs, and any documents produced in response to those FOIA requests;

b) All documents and communications related to analyses, audits, investigations, or reviews that IRS has performed related to Cognizant's payment of payroll taxes and/or prevailing wages to visa-dependent workers from August 22, 2007 to present, whether made available to the public or not;

c) All documents and communications related to actions, analyses, reports, audits, or reviews that IRS has undertaken of employer sponsors' classification of visa-

**GIBSON DUNN**

Office of Chief Counsel
October 20, 2022
Page 3

        dependent workers from August 22, 2007 to present, whether made available to the public or not;

d) All communications to, or from, third parties about Cognizant's payment of payroll taxes for visa workers, including but not limited to communications with Relator or Relator's agents from August 22, 2007 to present;

e) All agency analyses regarding the applicability of the Internal Revenue Code ("IRC") to claims, complaints, suits, or investigations under the FCA;

f) All agency analyses regarding the obligation of the IRS to support or otherwise respond to suits or investigations under the FCA;

g) All documents and communications relating to any audits, reviews, analyses, or investigations of Cognizant's payment of payroll taxes for tax years between 2007 and 2021; and

h) All analyses or reports, and any documents and communications relating to such analyses or reports, regarding employer obligations to pay payroll taxes on wages paid to visa-dependent workers and/or prevailing wages to visa-dependent workers. Responsive documents should include, but may not be limited to:
   i. any analyses or reports regarding payroll tax obligations of employers who are not compliant with Prevailing Wage Requirements;
   ii. all communications between IRS and the Department of Labor regarding payment of payroll taxes by employers found to be noncompliant with Prevailing Wage Requirements; and
   iii. draft or final reviews, investigations, reports, or findings that payroll taxes were underpaid because an employer failed to pay legally required wage amounts.

The requested documents will enable Cognizant to develop certain defenses against Relator's claims, specifically concerning the FCA's requirement that *qui tam* suits cannot be based on publicly disclosed information (the "public disclosure bar"), its requirement that alleged misrepresentations be material to the government's payment decision, and its prohibition of claims that depend on violations of the Tax Code. Request (a) is critical in determining whether Relator's allegations are based upon publicly-disclosed information, and whether Relator qualifies as an "original source" of the alleged violations—if Relator obtained information from, or based his complaint on, information that he obtained via FOIA request, his claims will be barred. Requests (b) through (d) are critical in determining whether the IRS had knowledge of alleged misconduct prior to Relator's suit, such that Relator does not

**GIBSON DUNN**

Office of Chief Counsel
October 20, 2022
Page 4

"materially add" to the government's investigation. Requests (e) and (f) are likewise critical to Cognizant's defense, which in part rests on provisions of the FCA's "Tax Bar," 31 U.S.C. § 3729(d), barring "claims that depend on a violation of the Tax Code in addition to claims seeking to recover federal taxes." Relator's theory is a novel application of the law that has potentially circumvented the Tax Bar. The IRS's understanding of the Tax Bar and whether it properly extends to allegations involving an employers' failure to meet the Prevailing Wage Requirements will inform these issues. *See, e.g., Greene v. IRS*, No. 08-cv-0280, 2008 WL 5378120, at *6 (N.D.N.Y. Dec. 23, 2008), aff'd, 348 F. App'x 625 (2d Cir. 2009); *Ananiev v. Freitas*, 37 F. Supp. 3d 297, 307 (D.D.C. 2014), aff'd, 587 F. App'x 661 (D.C. Cir. 2014). Requests (g) and (h) are relevant to the question of whether Cognizant actually underpaid taxes as a matter of law, and Request (i) is relevant to whether Prevailing Wage Requirements impose material obligations on a company's historical payroll tax obligations.

*Factors for Consideration under 26 C.F.R. § 301.9000-2(a), (b)*

Through these requests, Cognizant does not seek any information or records that would violate a federal statute, rule of procedure, or the grand jury secrecy rule; that would reveal classified national security information; that would reveal the identity of an information; or that would reveal investigatory records or information compiled for law enforcement purposes that would permit interference with law enforcement proceedings or would disclose investigative techniques and procedures, the effectiveness of which could thereby be impaired. 26 C.F.R. § 301.9000-2(a)(1-5). **Cognizant expressly exempts from its request any information that qualifies as return or return information as defined by IRC § 6103(b), except to the extent that the non-return information is "reasonably segregable" from the return information.**

Nor does Cognizant seeks any information what would be protected by the attorney client privilege, attorney work product doctrine, or deliberative process privilege. 26 C.F.R. § 301.9000-2(b)(1-3).

*Factors for Consideration under 26 C.F.R. § 301.9000-2(c)*

According to 26 C.F.R. § 301.9000-2 there are fourteen factors that the IRS will consider when evaluating a request for the production of document in connection with a non-IRS matter. Below, we set forth each of the factors, and the reasons this request satisfies those factors.

**(1)    Whether the requester is a Federal agency, or a state or local government or agency thereof;**

Cognizant is not a Federal agency, or a state or local government or agency thereof.

**GIBSON DUNN**

Office of Chief Counsel
October 20, 2022
Page 5

**(2)    Whether the demand was issued by a Federal or state court, administrative agency or other authority;**

This request is made in connection with active litigation in a Federal court, pursuant to a non-party subpoena issued under Rule 45 of the Federal Rules of Civil Procedure and the agency's applicable *Touhy* regulations.

**(3)    The potential effect of the case on the administration of the internal revenue laws or any other laws administered by or concerning the IRS;**

The FCA's "Tax Bar," 31 U.S.C. § 3729(d), expressly bars claims that depend on a violation of the Tax Code in addition to claims seeking to recover federal taxes. *Greene*, 2008 WL 5378120, at *6. Still, Relator relies on the United States' alleged loss of tax revenue to support his claim. The information requested above will clarify the viability of claims such as these.

On a more general level, the mission of the IRS is to provide America's taxpayers top quality service by helping them understand and meet their tax responsibilities and enforce the law with integrity and fairness to all. Relator's false and legally-unsound allegations that Cognizant did not pay sufficient payroll taxes to the federal government will lead to confusion among countless corporations who employ visa workers.

**(4)    The importance of the legal issues presented;**

The requested documents are key to Cognizant's defense. Without these documents, Cognizant will not be able to adequately assert the public disclosure bar or the tax bar, and thus judicial resources will be wasted on a potentially meritless claim. Further, the requests for FOIA information simply ask for information that has already been produced to the public, of which the public has an interest in reviewing.

Allowing these claims to go undefended undermines public trust in the country's tax laws and creates the possibility that any dispute between an employee and an employer about alleged underpayment of wages could give rise to a FCA claim based on alleged underpayment of payroll taxes.

**(5)    Whether the IRS records or information are available from other sources;**

The information that Cognizant requests is not available from other sources. To the extent that Cognizant requests certain records that have already been made public in response to FOIA requests, the requested records are not available via the FOIA Library.

**GIBSON DUNN**

Office of Chief Counsel
October 20, 2022
Page 6

| | |
|---|---|
| **(6)** | **The IRS's anticipated commitment of time and anticipated expenditure of funds necessary to comply with the request or demand;** |

Cognizant's requests should not be burdensome to the IRS for two reasons. First, Cognizant has clearly and specifically defined the categories of documents it seeks. Second, the use of search terms—which Cognizant would be happy to work with IRS to develop—should make any email communications, letters, or memoranda easily retrievable.

| | |
|---|---|
| **(7)** | **The number of similar requests and their cumulative effect on the expenditure of IRS resources;** |

Cognizant is not aware of any similar requests.

| | |
|---|---|
| **(8)** | **Whether the request or demand allows a reasonable time for compliance (generally, at least fifteen business days);** |

In the attached subpoena, Cognizant sets forth a reasonable time for compliance of thirty (30) business days.

| | |
|---|---|
| **(9)** | **Whether the testimony or disclosure is appropriate under the rules of procedure governing the case or matter in which the request or demand arises;** |

This record request is reasonable under the Federal Rules of Civil Procedure, and should be granted. The allegation's in Relator's complaint cover an expansive time frame and relate to an industry-wide issue that has been publicly scrutinized for years. This request seeks information in IRS's possession relevant to the Relator's allegations, and the burden on IRS to collect this material is reasonable in relation to the importance of this material to Cognizant's defenses.

Cognizant understands that the requested documents may contain privileged information or information that may otherwise be protected from disclosure. These requests should be construed to comply with the Privacy Act of 1974, 6 C.F.R. § 5.48(b), and any other reasonable requirements that IRS might have to safeguard sensitive information.

| | |
|---|---|
| **(10)** | **Whether the request or demand involves expert witness testimony;** |

Cognizant's requests do not call for expert witness testimony.

**GIBSON DUNN**

Office of Chief Counsel
October 20, 2022
Page 7

      **(11)    Whether the request or demand is for the testimony of an IRS officer, employee or contractor who is without personal knowledge of relevant facts;**

Cognizant lacks information at present concerning whether its requests would call for the testimony of an IRS officer, employee or contractor who is without personal knowledge of relevant facts. To the extent there are individuals at IRS who have personal knowledge of the information requested, Cognizant may seek testimony from such individuals in the future. Cognizant also reserves the right to seek testimony from an individual without personal knowledge as a representative of the IRS, consistent with the Federal Rule of Civil Procedure 30(b)(6).

      **(12)    Whether the request or demand is for the testimony of a presidential appointee or senior executive and whether the testimony of a lower-level official would suffice;**

Cognizant's requests do not seek testimony of a presidential appointee or senior executive.

      **(13)    Whether the procedures in § 301.9000–5 have been followed; and**

§ 301.9000–5(a) requires Cognizant's demand to be accompanied by a written statement setting forth certain information. Above, Cognizant has already set forth: a brief description of the parties to and subject matter of the proceeding (§ 301.9000–5(a)(1)); a summary of the IRS records sought and the relevance of these records (§ 301.9000–5(a)(2)); whether the IRS records are available from other sources (§ 301.9000–5(a)(7)); and a statement that the request allows a reasonable time for compliance (§ 301.9000–5(a)(8)).

As relevant § 301.9000–5(a)(3), Cognizant does not have sufficient insight into the course of litigation to say with certainty the time, if any, that will be required to present testimony during trial. Similarly, as relevant to § 301.9000–5(a)(5) – (6), Cognizant cannot yet determine whether a declaration or other authentication of documents would be necessary in lieu of deposition or trial testimony. Cognizant intends to engage in discussions with the IRS to learn how it can ease the burden of compliance with this request.

Finally, as relevant to § 301.9000–5(a)(4), **Cognizant expressly exempts from its request any information that qualifies as return or return information as defined by IRC § 6103(b), except to the extent that the non-return information is "reasonably segregable" from the return information.** *Cause of Action v. Internal Revenue Serv.*, 125 F. Supp. 3d

# GIBSON DUNN

Office of Chief Counsel
October 20, 2022
Page 8

145, 164 (D.D.C. 2015). To the extent that this requests documents that contain privileged information or information that may otherwise be protected from disclosure, these requests should be construed to comply with the applicable law, *i.e.* IRC §§ 6103, 6104, 6105, 6110, 4424, the Privacy Act, and any other reasonable requirements that IRS might have to safeguard sensitive information.

**(14)  Any other relevant factors that may be brought to the attention of the authorizing official.**

Cognizant welcomes the opportunity to discuss any other factors or considerations that may be relevant to the IRS in reviewing this request.

\*   \*   \*

Because Cognizant's request is consistent with 26 C.F.R. §§301.9000-1 *et seq.*, Cognizant respectfully requests that IRS grant this request.

We believe these requests are narrow and will not require significant effort to fulfill. Nevertheless, we invite IRS guidance in identifying the best way to proceed. This request is attached as Exhibit A to a subpoena issued pursuant to Rule 45 of the Federal Rules of Civil Procedure, but we welcome the opportunity to discuss any suggestions for how best to obtain these documents in the easiest and most efficient manner possible.

Thank you very much for your attention to this matter. If you have any questions, please do not hesitate to contact me.

Sincerely,

*[signature]*

Jonathan M. Phillips

Attachment

cc: Counsel of Record

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | )  |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:17-cv-06317-PGS-LHG |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

*(Name of person to whom this subpoena is directed)*

❐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____    _____
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).