# Exhibit 4

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Jonathan M. Phillips
Direct: +1 202.887.3546
Fax: +1 202.530.9530
JPhillips@gibsondunn.com

May 19, 2022

<u>VIA FIRST CLASS MAIL</u>

Office of the Solicitor
Division of Management and Administrative Legal Services
Department of Labor
200 Constitution Ave NW
Room N-2420
Washington, DC 20210

Re:   *Touhy* Request for Information in Connection With *United States ex rel. Franchitti v. Cognizant Technology Solutions Corp., et al.,* 3:17-cv-06317-PGS-LHG (D.N.J.)

To Whom It May Concern:

Pursuant to the Department of Labor's regulations, codified at 29 C.F.R. §§ 2.21 *et seq.*, Cognizant Technology Solutions Corp. and Cognizant Technology Solutions U.S. Corp. (collectively, "Cognizant") respectfully submit the following requests for the production of documents and official records for use in the above-captioned matter.

*Background*

Cognizant's request is made in connection with *United States ex rel. Franchitti v. Cognizant Technology Solutions Corp., et al.,* 3:17-cv-06317-PGS-LHG (the "Lawsuit"), pending before the United States District Court for the District of New Jersey.

Cognizant is a global leader in business in technology services, providing information and technology consulting services to customers around the world. Cognizant has over 280,000 employees worldwide, including more than 40,000 in the United States. Like many companies, Cognizant applies for visas for some of its foreign-national employees through various U.S. government visa programs.

Relator Jean Claude Franchitti, a former employee of Cognizant, filed a Complaint against Cognizant alleging violations of the False Claims Act ("FCA") related to Cognizant's payment of prevailing wages to employees working in the U.S. on an H-1B visa. Relator's claims concern conduct back to August 22, 2007.

**GIBSON DUNN**

Office of the Solicitor
May 19, 2022
Page 2

***Document Requests***

Pursuant to 29 C.F.R. § 2.21, Cognizant provides the following written summary of the information sought, with its relevance to the Lawsuit explained below:

a) All requests under the Freedom of Information Act ("FOIA") received by the Department of Labor regarding Cognizant's payment of wages or other compensation to its employees, including non-citizen employees in the United States on a visa ("visa workers"), and including payment of prevailing wages;

b) Copies of any documents produced in response to the above-described FOIA requests;

c) All audits, analyses, or reviews of Cognizant's payment to its employees authorized to work in the U.S. under temporary visas and payment of prevailing wages undertaken by, or at the direction of, the Department of Labor;

d) All Department of Labor reports or analyses about payment of prevailing wages by employer sponsors under the H-1B program; and

e) All communications to, or from, third parties about Cognizant's payment of visa workers and payment of prevailing wages, including but not limited to communications with Relator or Relator's agents.

The requested documents are will enable Cognizant to develop certain defenses against Relator, specifically concerning the FCA's requirements that *qui tam* suits cannot be based on publicly disclosed information (the "public disclosure bar"). Request (a) is important to determining whether Relator's allegations are based upon or substantially similar to publicly-disclosed information, and whether Relator qualifies as an "original source" of the alleged violations—for example, if Relator obtained information from, or based his complaint on, information that he obtained via FOIA request, his claims will be barred. Further, Requests (b), (c), and (d) are important to determining whether DOL had knowledge of potential misconduct prior to Relator's suit, such that Relator does not "materially add" to the government's pre-existing investigation.

***Considerations for Granting Cognizant's Request***

The Department of Labor's *Touhy* regulations, 29 C.F.R. § 2.21, provide that Cognizant must cause the subpoena to be issued with a written summary of the information sought and its relevance to the proceeding in connection with which it was served, which Cognizant has set forth.

# GIBSON DUNN

Office of the Solicitor
May 19, 2022
Page 3

      For the reasons set forth above, the requested information is relevant and essential to the presentation of Cognizant's defense. Without these documents, Cognizant will not be able to adequately assert the public disclosure bar, and thus judicial resources will be wasted on a potentially meritless claim. Further, the requests for FOIA information simply ask for information that has already been produced to the public, of which the public has an interest in reviewing.

      Cognizant seeks only information in possession of the Department of Labor, and limited correspondence between third parties and the Department of Labor. Thus, this information is not readily available from another source.

*   *   *

      Because Cognizant's request is consistent with 29 C.F.R. §§ 2.21 *et seq.*, Cognizant respectfully requests that the Department of Labor grant this request.

      We believe these requests are narrow and will not require significant effort to fulfill. Nevertheless, we invite Department of Labor's guidance in identifying the best way to proceed. This request is attached as Exhibit A to a proposed subpoena, but we welcome the opportunity to discuss any suggestions for how best to obtain these documents in the easiest and most efficient manner possible. Furthermore, Cognizant agrees to pay reasonable costs, including for duplication, if this request is granted.

      Thank you very much for your attention to this matter. If you have any questions, please do not hesitate to contact me.

Sincerely,

*/s/ Jonathan M. Phillips*

Jonathan M. Phillips

Attachment

cc: Counsel of Record

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| United States ex rel. Franchitti | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:17-cv-06317-PGS-LHG |
| Cognizant Technology Solutions Corp., et al. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Department of Labor

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Gibson, Dunn & Crutcher LLP<br>1050 Conneticut Ave., N.W.<br>Washington, DC 20036-5306 | Date and Time:<br>06/20/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/19/2022

*CLERK OF COURT*                                OR

_____                         /s/ Jonathan M. Phillips
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Cognizant Techn. Solutions Corp. and Cognizant Tech. Solutions U.S. Corp._____, who issues or requests this subpoena, are:
Jonathan M. Phillips; 1050 Conneticut Ave., N.W., Washington, DC 20036; JPhillips@gibsondunn.com; 202.887.3546

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:17-cv-06317-PGS-LHG

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).