Exhibit 6

**U.S. Department of Labor**          Office of the Solicitor
                                      Washington, DC 20210



October 7, 2022

**VIA E-MAIL**
Jonathan M. Phillips
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
**E-mail:** JPhillips@gibsondunn.com

Re:     Request for DOL records
        *United States ex rel. Franchitti v. Cognizant Technology Solutions Corp., et al*

Dear Mr. Phillips:

My office is in receipt of your law firm's letter and subpoena dated May 19, 2022, which seeks Department of Labor (DOL) documents and official records in relation to the matter above. This letter constitutes DOL's response to the request.

I.      Background

Your letter states you are requesting the documents and official records on behalf of your client, Cognizant Technology Solutions U.S. Corp. (Cognizant). This request is made in connection with *United States ex rel. Franchitti v. Cognizant Technology Solutions Corp., et al.* Relator, Jean Claude Franchitti (Relator), former Cognizant employee, filed a complaint against Cognizant on August 8, 2017, alleging violations of the False Claims Act ("FCA") related to Cognizant's alleged failure to pay prevailing wages to some of its H-1B visa holding foreign-national employees working in the U.S. The Relator further alleges that these FCA violations date back to August 22, 2007.

Your letter goes on to state that the documents sought are relevant to developing a "public disclosure bar" defense by determining whether Relator's allegation were based on, or similar to, information that was publicly available prior to Relator's lawsuit. You noted that if Relator based his allegations on information obtained from FOIA requests, it would fall under the public disclosure bar. You also stated that the information sought would be important to determine if DOL had knowledge of your client's potential misconduct prior to Relator's suit.

II.     Response to *Touhy* Request

The Supreme Court has held that a federal agency is not required to comply with any document request that fails to comport with the applicable agency regulations governing the production or disclosure of information. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). Thus, a litigant seeking either documents or testimony from a federal agency in a case in which the

Government is not a party must request such documents or testimony in conformity with an agency's regulations.

The federal regulations governing subpoenas served upon DOL employees are found at Title 29, Subtitle A, Subpart C of the Code of Federal Regulations. *See* 29 C.F.R. §§ 2.20 - 2.25. DOL's regulations require you to provide it with a "written summary of the information sought and its relevance to the proceeding in connection with which it was served." 29 C.F.R. § 2.21. Furthermore, the regulations prohibit any DOL employee from disclosing "any information or produc[ing] any material acquired as part of the performance of his official duties or because of his official status," even in response to a subpoena, "without approval of the appropriate Deputy Solicitor of Labor." 29 C.F.R. § 2.22. Only an "Associate Solicitor, Regional Solicitor, or Associate Regional Solicitor, whichever is appropriate, may waive the requirement that a written summary be furnished . . . ." 29 C.F.R. § 2.21.

Once this written summary is received, the Deputy Solicitor must weigh the party's "need for the testimony [or documents] against the adverse effects on the Department of Labor's concerns." *Baker v. United States Dep't of Labor*, 31 F. Supp. 2d 985. 987 (S.D. Fla. 1998). DOL's concerns include "centralizing the dissemination of information of the agency (e.g. restricting investigators from expressing opinions on policy matters), minimizing governmental involvement in controversial matters unrelated to official business and avoiding the expenditure of government time and money for private purposes." *Id.*

To overcome these public policy concerns, a requester must demonstrate "the information sought is both relevant and essential to the presentation of his or her case, there are not reasonable alternative means for acquiring the information sought, and that a significant injustice would ensue if the desired testimony or records were not to be made available." *Herr v. McCormick Grain-The Heiman Co.,* 1994 WL 324558, *2 (D. Kan. June 28, 1994).

III.    Determination

Taken in order, your written request for DOL documents and official records includes:

a) All requests under the Freedom of Information Act ("FOIA") received by the DOL regarding Cognizant's payment of wages or other compensation to its employees, including non-citizen employees in the United States on a visa ("visa workers"), and including payment of prevailing wages;

b) Copies of any documents produced in response to the above-described FOIA requests;

c) All audits, analyses, or reviews of Cognizant's payment to its employees authorized to work in the U.S. under the temporary visas and payment of prevailing wages undertaken by, or at the direction of, the DOL.

d) All DOL reports or analyses about payment of prevailing wages by employer sponsors under the H-1B program; and

e) All communications to, or from, third parties about Cognizant's payment of visa workers and payment of prevailing wages, including but not limited to communications with Relator or Relator's agents.

In response to items "a" and "b" above; DOL located one FOIA request filed in 2021 in the department's electronic FOIA request tracking system that was responsive to your request. The documents associated with that FOIA request have already been electronically provided to your law firm. A thorough search was conducted of the department's electronic FOIA request tracking system and no other responsive results were located. As such, it is DOL's position that items "a" and "b" have been satisfied.[1]

Regarding item "c", the Wage and Hour Division ("WHD") was able to identify nine investigations where the subject of the investigation concerns allegations of Cognizant's failure to pay H-1B prevailing wages. While not admitting that WHD's law enforcement investigations are responsive to your request for "audits, analyses, or reviews" of Cognizant, in an effort to amicably resolve this matter we attempted to retrieve the files and provide you with records that are relevant to your subpoena and asserted need for information without an undue burden on DOL. We determined that one file concerns an ongoing matter and therefore we are asserting the Investigatory Files Privilege regarding its contents. After requesting the files from the Federal Records Center and conducting a search of the WHD office that conducted the investigations, files for two of the investigations cannot be located and appear to be lost, although we were able to locate a copy of the determination letter sent to Cognizant for one of these files. In addition, one of these files was eligible for destruction in 2021 under the applicable record retention schedule.

Under 20 CFR § 655.815(a), WHD is required to provide its findings in an H-1B investigation to the employer and interested parties. This is accomplished by sending a determination letter to the employer and forwarding the letter with a cover letter to other interested parties. Therefore, we are providing you with the determination letters that we located for seven of the investigations along with the corresponding transmittal letters (where available) which indicate who, besides your client, would have received a copy of the investigation determination letter.

Between these two types of letters, you are receiving WHD's findings in the specific investigations and information regarding who, outside of Cognizant, would have been made aware of the outcome. Therefore, these documents are both responsive to your request in item "c" and your stated need for records to attempt to assert a client's public disclosure bar defense on behalf of your client and reflect the extent of DOL's knowledge of your client's potential misconduct. The remainder of these case files largely consist of information provided by your client, which you have a reasonable alternative means to obtain, and material that would be protected by several privileges, including but not limited to the deliberative process privilege and the informant's privilege. Moreover, since we have determined that none of these files were publicly produced in response to FOIA requests, they add nothing to your asserted need for records from DOL beyond the letters we are providing.

Regarding item "d", DOL objects to this item as being overbroad and burdensome to produce to the extent that it might apply to all H-1B investigations conducted over several years. During

---

[1] In discussions with you, DOL advised you that the FOIA tracking system showed another FOIA request, filed in 2018 by the law firm of Morgan Lewis on behalf of your client for a Wage & Hour investigation file. We determined that the investigation concerned a violation of the Fair Labor Standards Act regarding a single employee that was opened in October of 2017 and closed in April of 2018. A review of the correspondence in the tracking system shows that the requester withdrew the request so no records were produced.

previous communications with your law firm regarding items in your request, you had indicated that you would consult your client and consider narrowing this request.  However, DOL has not received an update from you or your law firm regarding item "d" despite having received further communications regarding other aspects of your request for DOL documents. Because DOL has not received any additional clarification or a narrower version of item "d", DOL has moved forward under the presumption that your law firm is no longer pursuing item "d".

Finally, in order to satisfy item "e", DOL conducted a thorough search of the entire DOL e-mail system. Using the list of specific names and law firms provided by your law firm, every employee's e-mail was searched for those names. The results of that search only produced approximately 4-5 responsive e-mails relating to the previously mentioned FOIA request from items "a" and "b". As such, your law firm has already received these specific e-mails when it received the documents related to the FOIA request. Because your law firm has already received the e-mails related to the FOIA request, and because no other e-mails were responsive to your request, the DOL's position is that item "e" is satisfied.

This letter constitutes a "final agency action" for purposes of the Administrative Procedure Act ("APA").  5 U.S.C. § 704.  Nothing herein should be construed as a waiver of any other defense to the validity or enforceability of this or any other request or subpoena that you may serve on DOL.

If you have any questions regarding this matter please contact AUSA Hope Lu, at (793) 645-2862 or Hope.Lu@usdoj.gov.

Sincerely,

STANLEY E. KEEN
Deputy Solicitor
 for Regional Enforcement

By:    JOSEPH PLICK
       Digitally signed by JOSEPH PLICK
       Date: 2022.10.07 15:13:42 -04'00'

       Joseph J. Plick
       Counsel
       Division of Management and
          Administrative Legal Services
       U.S. Department of Labor
       200 Constitution Ave., N.W., Suite N-2420
       Washington, D.C. 20210

cc: **Via E-mail Only**
    Joseph Plick, Plick.Joseph.J@dol.gov
    Ann Marcellino, Marcellino.Ann.M@dol.gov
    Hope Lu, Hope.Lu@usdoj.gov
    Reid Rector, RRector@gibsondunn.com
    Chumma Tum, CTum@gibsondunn.com