# Exhibit 9

| | |
|---|---|
| **From:** | Tum, Chumma |
| **To:** | "Marcellino.Ann.M@dol.gov" |
| **Cc:** | Plick, Joseph - SOL; Phillips, Jonathan M.; Rector, Reid; "Hope.Lu@usdoj.gov" |
| **Subject:** | RE: Franchitti v. Cognizant - Follow Up |
| **Date:** | Monday, November 28, 2022 8:39:52 PM |

Ann,

  We are surprised that DOL is just now asking us for authority about the False Claims Act's public disclosure bar in response to our request for a conference call when we have mentioned these points to you multiple times before, including in an email on October 14, 2022.  DOL has had the request for these specific materials for *six months*.  It has now taken over five weeks to provide an update on its remaining document searches, causing us substantial delay, and now appears to be stalling even further.  We do not agree that a conference call should be further delayed, especially because we can discuss general updates that do not depend on DOL's consideration of the case authorities.  Please let us know by Wednesday if DOL is willing to schedule a conference call this week.

  That the FCA's public disclosure bar can be triggered by disclosures of substantially similar allegations or transactions regarding other, similarly situated, companies in the same industry is well-established across the country.  The bar applies when allegations or transactions "*substantially the same as*" the allegations or transactions in the *qui tam* were publicly disclosed; the statute says nothing about restricting that "substantial similarity" to the same defendant.  31 U.S.C. § 3730(e)(4).  Courts have also explained that whether the public disclosure bar is triggered depends on whether there is enough information in the public domain to set the government on the trail of the alleged fraud.  *United States ex rel. Winkelman v. CVS Caremark Corp.*, 827 F.3d 201, 209 (1st Cir. 2016) (there is "no requirement that a public disclosure use magic words or specifically label disclosed conduct as fraudulent").  Therefore, "it is enough that the 'public disclosures alleged industry-wide fraud' and 'provide[d] enough information' to link the defendant to the scheme." *United States ex rel. Reed v. KeyPoint Gov't Sols.*, 923 F.3d 729, 751 (10th Cir. 2019) (citation omitted) (collecting cases).  Disclosures of wrongdoing in an industry trigger the bar against easily identifiable members of that same industry.  *See, e.g.*, *United States v. Alcan Elec. & Eng'g, Inc.*, 197 F.3d 1014, 1018–19 (9th Cir. 1999) (even where a public disclosure did not identify defendant by name, allegations against industry participants triggered bar because the government could easily identify "a narrow class of suspected wrongdoers"); *United States ex rel. Gear v. Emergency Med. Assocs. of Ill., Inc.*, 436 F.3d 726, 729 (7th Cir. 2006) (bar triggered by "industry-wide" allegations); *United States ex rel. Findley v. FPC–Boron Emps.' Club*, 105 F.3d 675, 687 (D.C. Cir. 1997) (bar triggered where government could easily identify groups at issue).

  Finally, as to the emails that you have identified in DOL's possession with Mr. Kotchen, those emails are plainly subject to disclosure regardless of DOL's subjective view of whether they are strictly relevant to Cognizant's instant litigation.  Since you have already identified those documents, and apparently reviewed them, we would ask that you simply produce them so we can assess their relevance to our case.  We are entitled to these documents under the subpoena, although it is our hope that you would produce them without a separate FOIA request.  There is no reason for further delay in producing those materials.

If DOL remains unwilling to produce these documents, please let us know by Wednesday its reasons for objecting with supporting authority so that we may bring this matter to the Court's attention promptly.

Thanks,
Chumma
**Chumma Tum**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1801 California Street, Denver, CO 80202-2642
Tel +1 303.298.5988 • Cell   +1 303.653.8817
CTum@gibsondunn.com • www.gibsondunn.com

---

**From:** Marcellino, Ann M <Marcellino.Ann.M@dol.gov>
**Sent:** Monday, November 28, 2022 1:18 PM
**To:** Tum, Chumma <CTum@gibsondunn.com>
**Subject:** RE: Franchitti v. Cognizant - Follow Up

**[WARNING: External Email]**

Hi Chumma,

Regarding your request for a conference call, could you first provide DOL with the authority you're referencing when you say,  "the False Claims Act's public disclosure bar can be triggered by disclosures of substantially similar allegations regarding other companies that are similarly situated in the same industry as Cognizant"?  Once we receive the authority you're referencing, and have an opportunity to review, we'll further discuss scheduling the requested conference call.

Please let me know if you have any questions.

Thank you,

Ann M. Marcellino, Esq.
Attorney for FOIA and Information Law
Management & Administrative Legal Services Division
U.S. Department of Labor, Office of the Solicitor
200 Constitution Ave., NW, Ste. N-2420

***This message may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. Do not disclose without consulting the Office of the Solicitor. If you think you received this email in error, please notify the sender immediately.***

**From:** Tum, Chumma <CTum@gibsondunn.com>
**Sent:** Monday, November 28, 2022 11:45 AM
**To:** Marcellino, Ann M <Marcellino.Ann.M@dol.gov>; Plick, Joseph - SOL <Plick.Joseph@dol.gov>
**Cc:** Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Rector, Reid <RRector@gibsondunn.com>; Hope.Lu@usdoj.gov
**Subject:** RE: Franchitti v. Cognizant - Follow Up

> **CAUTION: This email originated from outside of the Department of Labor. Do not click (select) links or open attachments unless you recognize the sender and know the content is safe. Report suspicious emails through the "Report Phishing" button on your email toolbar.**

Hi Ann and Joe,

I hope you both had a nice Thanksgiving. We would like to schedule a conference call this week to discuss DOL's progress on outstanding document searches given that we have not received any communications from you in weeks. Please let us know your availability for a call tomorrow or Wednesday. If we do not hear from you, we will consider our options for bringing this to the Court's attention.

Thanks,
Chumma

**Chumma Tum**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1801 California Street, Denver, CO 80202-2642
Tel +1 303.298.5988 • Cell   +1 303.653.8817
CTum@gibsondunn.com • www.gibsondunn.com

---

**From:** Tum, Chumma
**Sent:** Monday, November 14, 2022 10:01 AM
**To:** 'Marcellino.Ann.M@dol.gov' <Marcellino.Ann.M@dol.gov>; Plick, Joseph - SOL <Plick.Joseph@dol.gov>
**Cc:** 'Hope.Lu@usdoj.gov' <Hope.Lu@usdoj.gov>; Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Rector, Reid <RRector@gibsondunn.com>
**Subject:** RE: Franchitti v. Cognizant - Follow Up

Ann,

I hope you are well.  I am writing to follow up on my email below.  Please let us know if DOL is willing to produce the "Item 1" documents referenced in my October 24, 2022 email.  If DOL is unwilling to do so, please let us know why you still object to the production.

Please also provide an update on "Item 2" and "Item 5" referenced in my October 24, 2022 email.  It has been weeks since we received a substantive update from you on these items and we want to ensure that DOL is moving forward with progress.

Thanks,
Chumma
**Chumma Tum**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1801 California Street, Denver, CO 80202-2642
Tel +1 303.298.5988 • Cell   +1 303.653.8817
CTum@gibsondunn.com • www.gibsondunn.com

**From:** Tum, Chumma
**Sent:** Friday, November 4, 2022 9:02 AM
**To:** 'Marcellino.Ann.M@dol.gov' <Marcellino.Ann.M@dol.gov>; Plick, Joseph - SOL <Plick.Joseph@dol.gov>
**Cc:** Lu, Hope (USANJ) <Hope.Lu@usdoj.gov>; Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Rector, Reid <RRector@gibsondunn.com>
**Subject:** RE: Franchitti v. Cognizant - Follow Up

Ann,

On Item 1, we disagree that the documents are not relevant.  As we have explained, the False Claims Act's public disclosure bar can be triggered by disclosures of substantially similar allegations regarding other companies that are similarly situated in the same industry as Cognizant.  If Mr. Kotchen shared substantially similar allegations to the ones that are at issue in this litigation in his 2016 training to DOL or in other communications, then that would trigger the public disclosure bar even if the allegations are not about Cognizant.  The same goes for emails DOL possesses, even if they are not from Mr. Kotchen or about Cognizant.  If you still object to producing the documents in Item 1, then we will need more information about the subject matter of the 2016 training, Mr. Kotchen's emails with DOL related to that training, and the other emails that DOL possesses to further evaluate DOL's objection.

Please also provide an update on Items 2 and 5.

Thanks,
Chumma
**Chumma Tum**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1801 California Street, Denver, CO 80202-2642
Tel +1 303.298.5988 • Cell  +1 303.653.8817
CTum@gibsondunn.com • www.gibsondunn.com

---

**From:** Marcellino, Ann M <Marcellino.Ann.M@dol.gov>
**Sent:** Friday, October 28, 2022 7:51 AM
**To:** Tum, Chumma <CTum@gibsondunn.com>; Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Rector, Reid <RRector@gibsondunn.com>
**Cc:** Lu, Hope (USANJ) <Hope.Lu@usdoj.gov>; Plick, Joseph - SOL <Plick.Joseph@dol.gov>
**Subject:** FW: Franchitti v. Cognizant - Follow Up

**[WARNING: External Email]**

Good morning, Chumma,

Please see below for our response to your e-mail on 10/24.

Items taken in order of your e-mail:

Item 1. With respect to your request that we produce additional emails, as we stated in our October 7, 2022 letter, we determined that these emails are not responsive to your request as they do not fall within the parameters of your subpoena and the reasons you gave in the accompanying letter for seeking records from DOL.  Given that these emails do not concern your client, please explain why you believe they would be relevant and essential to your case.

Item 2. Wage and Hour Division is searching their systems for the list of companies you provided to determine how many, if any, responsive records it has.  Once the search is complete, we will work with Wage & Hour to determine the burden of retrieving and producing them.

Item 3. You asked for clarification regarding whether we used "Cognizant" as a search term in our search.  We did not.  Given Cognizant's extensive interactions with DOL a search for any email in DOL with the word "Cognizant" in it would result in overbroad results that would be a significant time and expense burden to narrow the results down to just communication with third parties. Over the last 5 years alone, Cognizant has filed with the Office of Foreign Labor Certification labor condition applications and PERM certifications seeking approximately 102,000 H-1B visas and PERM certifications.  These filings will undoubtedly have generated significant internal email traffic just in the normal course of business.

Item 4. The current record retention schedule is located at the following link. The specific information you requested can be found at Item 3 (the bottom of Page 2):
https://www.archives.gov/records-mgmt/rcs/schedules/departments/department-of-labor/rg-0155/n1-155-11-003_sf115.pdf

Item 5. The electronic version of the investigation file for Case 1832953 was scanned into multiple files. We identified that one of the files had not been sent with the remainder of the files. The respective staff are locating and sending that file to us. As soon as we receive that additional file, we will send you the summary of violations and remedies for that Case.

We will forward you the information for Items 2 and 5 as soon as feasible.

Thank you,

Ann M. Marcellino, Esq.
Attorney for FOIA and Information Law
Management & Administrative Legal Services Division
U.S. Department of Labor, Office of the Solicitor
200 Constitution Ave., NW, Ste. N-2420

***This message may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. Do not disclose without consulting the Office of the Solicitor. If you think you received this email in error, please notify the sender immediately.***

**From:** Tum, Chumma <CTum@gibsondunn.com>
**Sent:** Monday, October 24, 2022 5:55 PM
**To:** Marcellino, Ann M <Marcellino.Ann.M@dol.gov>; Plick, Joseph - SOL <Plick.Joseph@dol.gov>
**Cc:** Phillips, Jonathan M. <JPhillips@gibsondunn.com>; Rector, Reid <RRector@gibsondunn.com>; Lu, Hope (USANJ) <Hope.Lu@usdoj.gov>
**Subject:** Franchitti v. Cognizant - Follow Up

> **CAUTION: This email originated from outside of the Department of Labor. Do not click (select) links or open attachments unless you recognize the sender and know the content is safe. Report suspicious emails through the "Report Phishing" button on your email toolbar.**

Hi Ann,

Thank you for continuing to gather responsive documents. I wanted to consolidate the outstanding requests in one email for ease of reference. From our end, we are still waiting for the following documents/updates:

1. Please send us the following three sets of documents, which were referenced in your 10/14 email:
    a. 78 emails regarding the 2016 DOL OFCCP Regional Staff – West Coast training for which Mr. Kotchen served as a panelist;
    b. 5 emails between Mr. Kotchen and DOL regarding two other cases; and
    c. 2 emails sent to various law firms and government agencies regarding a complaint.

2. Please provide a status update on the search for records responsive to Request D (as

   narrowed by the search terms we provided on 10/14).

3. Please confirm that DOL's search undertaken in response to Request E included the search term "Cognizant".

4. In DOL's October 7, 2022 letter, DOL described an investigation file that was "eligible for destruction in 2021 under the applicable record retention schedule." Please provide details about DOL's "record retention schedule" (e.g., system name; period of retention; back-up systems, etc.).

5. For Case ID 1832953, please send us the summary of violations and remedies that was enclosed with the letter as soon as the case team has finished scanning the documents.

We are due to give a status update to the court next week. We would appreciate hearing from you by Wednesday on these items so that we can update the court accordingly.

Thanks,
Chumma
**Chumma Tum**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1801 California Street, Denver, CO 80202-2642
Tel +1 303.298.5988 • Cell   +1 303.653.8817
[CTum@gibsondunn.com](mailto:CTum@gibsondunn.com) • [www.gibsondunn.com](http://www.gibsondunn.com)

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.